■ GLENS FALLS INSURANCE COMPANY, Appellant, v. LONZIE L. COLBERT et al., Respondents.— Order unanimously affirmed, with costs. Memorandum: Respondents, Lonzie L. Colbert and Renita Colbert, were passengers in an automobile owned and operated by one James Hill when it was involved in a one-car accident in which they were injured. Hill had insured his vehicle with Glens Falls Insurance Company (Glens Falls), plaintiff herein, but he did not give the company notice of the accident until over two years later when he was sued. On receiving that notice Glens Falls promptly disclaimed because of Hill's failure to notify it of the accident " as soon as practicable ", as required by the terms of the policy, and it brought action for a judgment declaring its right to disclaim and that it had no obligation to defend Hill or indemnify him by reason of claims arising from that accident. After trial, judgment was granted to Glens Falls in accordance with its complaint and entered on August 7, 1972. In the meantime respondents Colberts filed notice of intention to make claim against Motor Vehicle Accident Indemnity Company (MVAIC) and also brought action against Hill and MVAIC. On motion by MVAIC Colberts' demand for arbitration against it was permanently stayed on November 10,

1972. MVAIC also moved to dismiss the complaint as against it. That motion was granted, the court holding that the Colberts, as passengers in Hill's automobile, were "insured" persons under the automobile indemnity endorsement attached to Hill's policy with Glens Falls, as required under subdivision 2-a of section 167 of the Insurance Law and that their status as "insured" persons was not affected or changed to "qualified" persons because of the effective disclaimer by Glens Falls (*Matter of Knickerbocker Ins. Co. [Faison]*, 22 N Y 2d 554), and hence that the Colberts had no valid claim against MVAIC. Colberts then served demand upon Glens Falls for arbitration of their claims as "insured" persons, and Glens Falls moved to stay such arbitration, asserting that the declaratory judgment of August 7, 1972 was *res judicata* against Colberts with respect to their claims. Glens Falls appeals from the order denying that motion and directing that the arbitration proceed. The language of Special Term's decision and declaratory judgment of August 7, 1972 is broad and could lead Glens Falls to believe that it was exonerated with respect to claims by all persons, including Colberts, involved in Hill's accident. The record shows, however, that in the declaratory judgment action the only issue considered and determined was that of the right of Glens Falls to disclaim as against Hill and whether it was obligated to indemnify Hill with respect to claims against him for his negligent operation of his automobile at the time of the accident. The significance of the indemnity endorsement attached to Hill's policy, as required by subdivision 2-a of section 167 of the Insurance Law was not then in issue or litigated, and that judgment made no determination with respect thereto. Colberts, as "insured" persons under that endorsement, are, therefore, entitled to have their claims against Glens Falls arbitrated (*Matter of Knickerbocker Ins. Co. [Faison]*, 22 N Y 2d 554, *supra*; 2 PJI 4:65, pp. 1003–1004). (Appeal from order of Monroe Special Term denying motion to stay arbitration.) Present — Witmer, J. P., Cardamone, Simons, Goldman and Del Vecchio, JJ.